**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ARCHIE BRIDGES, | : | Civil No. 3:26-cv-528 |
| | : | |
| Petitioner | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| WARDEN OF FCI SCHUYLKILL, | : | |
| | : | |
| Respondent | : | |

**MEMORANDUM**

Petitioner Archie Bridges ("Bridges") initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  Bridges alleges that the Federal Bureau of Prisons ("BOP") improperly failed to apply his First Step Act ("FSA") time credits.  (*Id.*).  For the reasons that follow, the Court will deny the habeas petition.

I.    **Background**

A.    Bridges' Criminal History

Bridges is serving a 120-month term of imprisonment imposed by the United States District Court for the Eastern District of North Carolina for his conviction of distribution and possession with intent to distribute heroin, and possession of a firearm by a felon.  (Doc. 6-2, Declaration of BOP Case Manager Alexander Reyes ("Reyes Decl."), at 1 ¶ 3; Doc. 6-3, Public Information Inmate Data).  His current projected release date is September 25, 2026, via good conduct time.  (*Id.*).

B.     FSA Time Credits

On March 2, 2026, the BOP conducted a First Step Act Time Credit Assessment. (Doc. 6-2, Reyes Decl., at 1-2, ¶¶ 5-6; Doc. 6-4, FSA Time Credit Assessment; Doc. 6-5, FSA Recidivism Risk Assessment).  The BOP determined that Bridges is eligible to earn and accrue FSA time credits, but he is not eligible to have the credits applied at this time due to his high PATTERN[1] score.  (*Id.*).

C.     Claims Raised in the Habeas Petition

In his Section 2241 petition, Bridges alleges that the BOP improperly limits the number of points he can earn to reduce his recidivism risk level through the successful completion of evidence-based recidivism reduction programming ("EBRRs") and productive activities ("PAs").  (Doc. 1).  He alleges that due to this restriction, he cannot sufficiently reduce his recidivism risk score to achieve the low assessment he needs to become eligible for application of his earned FSA time credits towards early release or placement in prerelease custody.  (*Id.*).  Bridges essentially requests that the Court apply earned time credits to his sentence pursuant to the FSA, even though he is not a minimum or low recidivism risk level.  (*Id.* at 9).

---

[1]     The Bureau of Prison's recidivism assessment tool, Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN").

Respondent contends that the Section 2241 petition must be denied because Bridges is not eligible for application of FSA time credits at this time due to his high PATTERN score, and the BOP properly calculated his PATTERN score.  (Doc. 6).

## II.    Discussion

The FSA was enacted by Congress in 2018.  The primary goal of the FSA is to reduce recidivism of federal prisoners upon their release from imprisonment.  18 U.S.C. § 3632(a).  Under the FSA, the Attorney General was charged with development and release of a Risk and Needs Assessment System (the "System") within 210 days of December 21, 2018, the date on which the FSA was enacted.  *See* 18 U.S.C. § 3632(a).  The System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction programming appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (5) reassigning an inmate to appropriate EBRRs and productive activities; (6) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (7) determining when the inmate is ready to transfer to pre-release custody or supervised release.  *See id.*

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive FSA time credits to be applied toward time in prerelease custody or supervised release.  *See* 18 U.S.C. § 3632(d)(4)(A).  An inmate may initially earn 10 days of credit for every 30 days of successful participation.  *See id.*  Moreover, eligible inmates who have

3

been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn an additional five days of credit for every 30 days of successful participation. *See id.*

Section 3624(g) sets forth the process for how FSA time credits are applied to create an earlier release date for eligible prisoners. Section 3624(g) requires, for placement in prerelease custody, that the prisoner "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner" or has specific approval by the warden. 18 U.S.C. § 3624(g)(1)(D)(i). For early transfer to supervised release, Section 3624(g) requires that the inmate "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner." *Id.* § 3624(g)(1)(D)(ii). The clear language of 18 U.S.C. § 3624(g) precludes application of time credits until Bridges has lowered his recidivism risk level.

If the inmate is unable to satisfy this requirement concerning his recidivism risk level, then he may petition the warden of the prison to be individually considered for placement in prelease custody or supervised release. *See* 18 U.S.C. § 3624(g)(1)(D)(i)(II). The warden, in turn, can approve the inmate's "petition to be transferred to prerelease custody or supervised release" upon concluding that: (1) the inmate "would not be a danger to society if transferred to prerelease custody or supervised release;" (2) the inmate "has made a good faith effort to lower [his] recidivism risk through participation in recidivism reduction

programs or productive activities;" and (3) the inmate "is unlikely to recidivate[.]" *See id.* § 3624(g)(1)(D)(i)(II)(aa)-(cc); *see also* 28 C.F.R. § 523.44(c)(2)(i)-(iii).

Inmates who are eligible for FSA time credits can accrue credits, but those credits cannot be applied until the inmate has earned a low or minimum recidivism risk. (Doc. 6-2, Reyes Decl. at 2-3 ¶¶ 5-6; *see also* 28 C.F.R. § 523.44). Bridges is presently assessed with a high recidivism risk score. (Doc. 6-4, FSA Time Credit Assessment; Doc. 6-5, Recidivism Risk Assessment). As such, he will not be eligible for application of FSA time credits until, among other requirements, his risk level is reduced to minimum or low.

Additionally, an inmate with a high or medium PATTERN score can petition the warden to be considered on an individualized basis for placement in prerelease custody or supervised release. *See* 18 U.S.C. § 3624(g)(1)(D)(i)(II). There is nothing in the record indicating that Bridges made such a request to the warden. Thus, the Court must deny his claim.

## III.    Conclusion

Based on the foregoing, the Court will deny the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 1). A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: April 22, 2026

5